TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GREGORY BERNSTEIN (Cal. Bar No. 299204)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894- 3183
    E-mail:  Gregory.Bernstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-29-PA |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ARTEMIO CRISTERNA |
| v. | |
| ARTEMIO CRISTERNA, | |
| Defendant. | |

    1.  This constitutes the plea agreement between Artemio Cristerna ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.  Defendant agrees to:

    a.  At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in United States v. Artemio Cristerna, CR No. 21-29-PA,

1    which charges defendant with making a threat by interstate commerce,

2    in violation of 18 U.S.C. § 875(c).

3              b.    Not contest facts agreed to in this agreement.

4              c.    Abide by all agreements regarding sentencing contained

5    in this agreement.

6              d.    Appear for all court appearances, surrender as ordered

7    for service of sentence, obey all conditions of any bond, and obey

8    any other ongoing court order in this matter.

9              e.    Agree that all court appearances, including his change

10   of plea hearing and sentencing hearing, may proceed by video-

11   teleconference ("VTC") or telephone, if VTC is not reasonably

12   available, so long as such appearances are authorized by this Court's

13   General Orders or another order, rule, or statute. Defendant

14   understands that, under the Constitution, the United States Code, the

15   Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),

16   he may have the right to be physically present at these hearings.

17   Defendant understands that right and, after consulting with counsel,

18   voluntarily agrees to waive it and to proceed remotely. Defense

19   counsel also joins in this consent, agreement, and waiver.

20   Specifically, this agreement includes, but is not limited to, the

21   following:

22              i.    Defendant consents under Section 15002(b) of the

23   CARES Act to proceed with his change of plea hearing by VTC or

24   telephone, if VTC is not reasonably available.

25              ii.   Defendant consents under Section 15002(b) of the

26   CARES Act to proceed with his sentencing hearing by VTC or telephone,

27   if VTC is not reasonably available.

28

f.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

i.    Defendant agrees that any and all restitution/fine obligations ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    If restitution is ordered, defendant further agrees to:

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

ii.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

1          iii. Consent to the USAO inspecting and copying all of

2    defendant's financial documents and financial information held by the

3    United States Probation and Pretrial Services Office.

4          k.   Defendant further agrees:

5          i.   To forfeit all right, title, and interest in and

6    to any and all monies, properties, and/or assets of any kind, derived

7    from or acquired as a result of, or used to facilitate the commission

8    of, or involved in the illegal activity to which defendant is

9    pleading guilty, specifically including, but not limited to the

10   following:

11          (I)   Approximately 35 rounds of .223/5.56mm rifle

12   ammunition; and

13          (II) Three AR-15 type rifles with multiple high-

14   capacity AR-15 type magazines; (collectively, the "Forfeitable

15   Property").

16          ii.   To the Court's entry of an order of forfeiture at

17   or before sentencing with respect to the Forfeitable Property and to

18   the forfeiture of the property.

19          iii. That the Preliminary Order of Forfeiture shall

20   become final as to the defendant upon entry.

21          iv.   To take whatever steps are necessary to pass to

22   the United States clear title to the Forfeitable Property, including,

23   without limitation, the execution of a consent decree of forfeiture

24   and the completing of any other legal documents required for the

25   transfer of title to the United States. In addition, within 30 days

26   of the entry of the Preliminary Order of Forfeiture, defendant shall

27   turn over to the Government, in a manner to be determined by the

28   Government, the three AR-15 type rifles with multiple high-capacity

AR-15 type magazines listed above, to the extent those three AR-15 type rifles are within defendant's possession, custody, or control.

v.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

vi.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

vii. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

viii.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

ix.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

x.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of

5

1   the forfeiture in the judgment; (2) all constitutional and statutory

2   challenges to the forfeiture (including by direct appeal, habeas

3   corpus or any other means); and (3) all constitutional, legal, and

4   equitable defenses to the forfeiture of the Forfeitable Property in

5   any proceeding on any grounds including, without limitation, that the

6   forfeiture constitutes an excessive fine or punishment. Defendant

7   acknowledges that the forfeiture of the Forfeitable Property is part

8   of the sentence that may be imposed in this case and waives any

9   failure by the Court to advise defendant of this, pursuant to Federal

10  Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts

11  defendant's guilty plea.

THE USAO'S OBLIGATIONS

13      3.   The USAO agrees to:

14          a.   Not contest facts agreed to in this agreement.

15          b.   Abide by all agreements regarding sentencing contained

16  in this agreement.

17          c.   At the time of sentencing, move to dismiss the

18  remaining count of the indictment as against defendant. Defendant

19  agrees, however, that at the time of sentencing the Court may

20  consider any dismissed charges in determining the applicable

21  Sentencing Guidelines range, the propriety and extent of any

22  departure from that range, and the sentence to be imposed.

23          d.   At the time of sentencing, provided that defendant

24  demonstrates an acceptance of responsibility for the offense up to

25  and including the time of sentencing, recommend a two-level reduction

26  in the applicable Sentencing Guidelines offense level, pursuant to

27  U.S.S.G. § 3E1.1, and, if necessary, move for an additional one-level

28  reduction if available under that section.

1

<u>NATURE OF THE OFFENSE</u>

2   4.   Defendant understands that for defendant to be guilty of

3   the crime charged in count two, that is, making a threat by

4   interstate commerce, in violation of 18 U.S.C. § 875(c), the

5   following must be true:

6   a.   First, defendant knowingly transmitted in interstate

7   commerce a text message containing a threat to injure victim GC and

8   victim MC, both real persons, and

9   b.   Second, such text message was transmitted for the

10  purpose of issuing a threat, or with knowledge that the text message

11  would be viewed as a threat.

12  The government need not prove that the defendant intended to

13  carry out the threat.

14

<u>PENALTIES</u>

15  5.   Defendant understands that the statutory maximum sentence

16  that the Court can impose for a violation of 18 U.S.C. § 875(c) is:

17  five years' imprisonment; a three-year period of supervised release;

18  a fine of $250,000 or twice the gross gain or gross loss resulting

19  from the offense, whichever is greatest; and a mandatory special

20  assessment of $100.

21  6.   Defendant understands that supervised release is a period

22  of time following imprisonment during which defendant will be subject

23  to various restrictions and requirements. Defendant understands that

24  if defendant violates one or more of the conditions of any supervised

25  release imposed, defendant may be returned to prison for all or part

26  of the term of supervised release authorized by statute for the

27  offense that resulted in the term of supervised release, which could

28

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.   Defendant and defendant's counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including defendant's attorney or the Court, can predict to an absolute certainty the effect of defendant's conviction on

1    defendant's immigration status. Defendant nevertheless affirms that

2    defendant wants to plead guilty regardless of any immigration

3    consequences that defendant's plea may entail, even if the

4    consequence is automatic removal from the United States.

5         9.   Defendant understands that defendant will be required to

6    pay full restitution to the victims of the offense to which defendant

7    is pleading guilty. Defendant agrees that, in return for the USAO's

8    compliance with its obligations under this agreement, the Court may

9    order restitution to persons other than the victims of the offense to

10   which defendant is pleading guilty and in amounts greater than those

11   alleged in the count to which defendant is pleading guilty. In

12   particular, defendant agrees that the Court may order restitution to

13   any victim of any of the following for any losses suffered by that

14   victim as a result: (a) any relevant conduct, as defined in U.S.S.G.

15   § 1B1.3, in connection with the offense to which defendant is

16   pleading guilty; and (b) any charges not prosecuted pursuant to this

17   agreement as well as all relevant conduct, as defined in U.S.S.G.

18   § 1B1.3, in connection with those charges.  The parties currently do

19   not have an estimate regarding the applicable amount of restitution

20   is approximately, but recognize and agree that this amount could

21   change based on facts that come to the attention of the parties prior

22   to sentencing.

23                              FACTUAL BASIS

24        10.  Defendant admits that defendant is, in fact, guilty of the

25   offense to which defendant is agreeing to plead guilty. Defendant and

26   the USAO agree to the statement of facts provided below and agree

27   that this statement of facts is sufficient to support a plea of

28   guilty to the charge described in this agreement and to establish the

Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about December 13, 2020, in Los Angeles County, within the Central District of California, defendant, with intent to issue a threat and with knowledge that it would be viewed as a true threat, knowingly transmitted in interstate commerce, communications to victim GC that contained true threats to injure and harm GC and victim MC.

Starting no later than 2017, defendant began physically and verbally abusing MC, his spouse and the mother of two of his children.  On August 20, 2019, MC obtained a protective order from the Los Angeles Superior Court ("the protective order") against defendant that went into effect that day for three years and was personally served on defendant at the court hearing at which it was issued.  The protective order commanded that defendant "must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of" MC, and further ordered defendant to surrender all firearms and ammunition. At about the time of the issuance of the protective order, MC moved with her children to a residence away from defendant.

Between November and December 2020, defendant sent threatening and harassing communications to MC, and to GC, a long-time male friend of both defendant and MC.  Accusing MC and GC of being romantically involved, defendant threatened to injure and harm MC, and threatened to injure and harm GC via text messages sent from

defendant's Google Android phones and via text message applications, that each used interstate wires and servers outside of California, to transmit defendant's messages.

For example, on December 10, 2020, defendant violated the protective order and threatened MC in person.  MC saw defendant follow MC inside a grocery store in Granada Hills, California.  MC told defendant that she would call the police if defendant did not leave the grocery store.  Defendant then left the grocery store.  Later that day, MC asked defendant to assist her with carrying a piano that she had purchased.  Defendant agreed to help her and met MC in person.  While assisting MC, defendant told MC that he was going to kill MC, and then told MC that rather than killing MC, defendant would have MC crippled so that MC would suffer more.

In addition, on December 13 and 14, 2020, while in Los Angeles County, defendant intentionally used one of his Android cell phones to send text messages through interstate commerce to GC intending to issue a threat and knowing that these messages would be viewed as true threats to injure and harm both GC and MC.  One message sent by defendant on December 13, 2020 said "Merry Christmas," and displayed an image of an hourglass that had run out.  It was followed by a photograph from within defendant's residence of three AR-15 type assault rifles with multiple high capacity AR-15 type magazines, as well as several rounds of ammunition both inside of and on the magazines.  The next day, defendant sent GC via text a photograph of MC, a second hourglass emoji, and texts that read "That one that on the house . . . 2 for 1 Deal . . . Both of y'all on the same day . . . . Enjoy . . . Go all out with K on Christmas . . . its all inclusive paid trip for you and your Bitch on Me."  GC attempted to speak with

defendant in person to sort things out, but left after an argument
ensued.  Through these text messages, defendant intended to
communicate to GC that defendant would harm or kill GC and MC at the
same time on Christmas, and knew that GC would interpret those
communications as true threats to harm GC and MC.  In fact, these
text messages from defendant caused GC to reasonably fear that
defendant would carry out defendant's threat to harm or kill MC and
GC on Christmas Day.

In making all the foregoing threats to GC and MC, at all
relevant times defendant intended the threats to be understood as
threats to injure and harm GC and MC, and defendant also
intentionally violated the protective order.

Around the same time, and in conjunction with defendant's
threats to GC on December 13 and 14, 2020, defendant sent additional
communications directly to MC via interstate commerce using his
Android cell phones.  For example, defendant intentionally sent the
following communications to MC:

a.   A photograph of MC with the message "I Guarantee you
will be remembered."

b.   Texts saying "I'll tell you in person what Ghost has
in your agenda . . . You don't step into Dog area without getting
attacked . . . And yeah you did belong to me."

c.   Texts saying "Bust a Makaveli on your Bitch_ass . . .
Joking . . . Or am i."

d.   A photograph of methamphetamine, in order to say that
defendant was using drugs.

On December 21, 2020, defendant possessed in his residence in Los Angeles County 35 rounds of .223/5.56mm rifle ammunition, the same type of ammunition that he had sent photographs of in his text message to GC on December 13, 2020.  In addition, on December 21, 2020, after being encountered by law enforcement, defendant refused multiple request by law enforcement to come out of his truck, which was parked near his residence.  Instead, defendant stayed locked in his truck, which contained $20,000 in cash, and smashed one of his Android cell phones prior to being forcibly removed by law enforcement using tear gas after a long standoff

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| Offense Involved Violation of Court Protection Order | +2 | U.S.S.G. § 2A6.1(b)(3) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel — and if necessary have the Court appoint counsel — at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel — and if necessary have the Court appoint counsel — at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

16.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

2        18.  Defendant agrees that, provided the Court imposes a total
3   term of imprisonment within or below the range corresponding to an
4   offense level of 19 and the criminal history category calculated by
5   the Court, defendant gives up the right to appeal all of the
6   following: (a) the procedures and calculations used to determine and
7   impose any portion of the sentence; (b) the term of imprisonment
8   imposed by the Court (provided that the sentence is within the
9   statutory maximum); (c) the fine imposed by the Court, provided it is
10  within the statutory maximum; (d) to the extent permitted by law, the
11  constitutionality or legality of defendant's sentence, provided it is
12  within the statutory maximum; (e) the term of probation or supervised
13  release imposed by the Court, provided it is within the statutory
14  maximum; and (f) any of the following conditions of probation or
15  supervised release imposed by the Court: the conditions set forth in
16  Amended General Order 20-04 of this Court; the drug testing
17  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
18  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19       19.  Defendant also gives up any right to bring a post-
20  conviction collateral attack on the convictions or sentence, except a
21  post-conviction collateral attack based on a claim of ineffective
22  assistance of counsel, a claim of newly discovered evidence, or an
23  explicitly retroactive change in the applicable Sentencing
24  Guidelines, sentencing statutes, or statutes of conviction. Defendant
25  understands that this waiver includes, but is not limited to,
26  arguments that the statutes to which defendant is pleading guilty are
27  unconstitutional, and any and all claims that the statement of facts

28

provided herein is insufficient to support defendant's plea of guilty.

20. The USAO agrees that, provided that (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, and (c) the Court imposes a term of supervised release that includes all the terms and conditions of supervised release set forth in paragraph 2, then the USAO gives up its right to appeal any portion of the sentence, with the exception of that the government reserves the right to appeal the denial of any order of restitution or forfeiture.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

17

1

## BREACH OF AGREEMENT

2      24.  Defendant agrees that if defendant, at any time after the
3  signature of this agreement and execution of all required
4  certifications by defendant, defendant's counsel, and an Assistant
5  United States Attorney, knowingly violates or fails to perform any of
6  defendant's obligations under this agreement ("a breach"), the USAO
7  may declare this agreement breached. All of defendant's obligations
8  are material, a single breach of this agreement is sufficient for the
9  USAO to declare a breach, and defendant shall not be deemed to have
10  cured a breach without the express agreement of the USAO in writing.
11  If the USAO declares this agreement breached, and the Court finds
12  such a breach to have occurred, then: (a) if defendant has previously
13  entered a guilty plea pursuant to this agreement, defendant will not
14  be able to withdraw the guilty plea, and (b) the USAO will be
15  relieved of all its obligations under this agreement.

16  ## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

17  ## OFFICE NOT PARTIES

18      25.  Defendant understands that the Court and the United States
19  Probation and Pretrial Services Office are not parties to this
20  agreement and need not accept any of the USAO's sentencing
21  recommendations or the parties' agreements to facts or sentencing
22  factors.

23      26.  Defendant understands that both defendant and the USAO are
24  free to: (a) supplement the facts by supplying relevant information
25  to the United States Probation and Pretrial Services Office and the
26  Court, (b) correct any and all factual misstatements relating to the
27  Court's Sentencing Guidelines calculations and determination of
28  sentence, and (c) argue on appeal and collateral review that the

Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 12 are
consistent with the facts of this case. While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement. Defendant
understands that no one — not the prosecutor, defendant's attorney,
or the Court — can make a binding prediction or promise regarding the
sentence defendant will receive, except that it will be within the
statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

19

1

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2       29.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    Acting United States Attorney

9

10  _____        5/18/21
                                            _____
11  GREGORY BERNSTEIN                        Date
    Assistant United States Attorney

12  _____         5/11/21
                                            _____
13  ARTEMIO CRISTERNA                        Date
    Defendant

14  _____         5/18/21
                                            _____
15  WASEEM SALAHI                            Date
    Attorney for Defendant Artemio
16  Cristerna

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>CERTIFICATION OF DEFENDANT</u>

2      I have read this agreement in its entirety. I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 _____      5/11/21
ARTEMIO CRISTERNA            Date
Defendant

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am Artemio Cristerna's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          5/18/21
WASEEM SALAHI                              Date
Attorney for Defendant Artemio
Cristerna